IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES WOOLDRIDGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-233-D |
| | § | |
| SAYASITH, OFFICER OF | § | |
| POTTER COUNTY SHERIFF, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO GRANT DEFENDANT'S MOTION TO DISMISS**

On December 20, 2017, plaintiff JAMES WOOLDRIDGE filed a First Amended Complaint alleging various civil rights violations under 42 U.S.C. § 1983 arising out of plaintiff's temporary detention and search at the Potter County Courthouse by defendant JONG S. SAYASITH, a deputy/security officer with the Potter County Sheriff's Office.[1] Specifically, petitioner alleges defendant's conduct was "under the color of law" and violated (1) his right to be free from unreasonable searches and seizures; (2) his and/or his clients' "right to be secure in papers" or "security in papers"; and (3) his clients' right to counsel. Plaintiff contends defendant's actions violated his rights under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts that as a result of defendant's actions, he is entitled to compensatory damages for lost income, attorney fees, and court costs, as well as punitive damages "to deter future violations of protected rights."

On January 21, 2018, defendant filed a motion to dismiss plaintiff's action based on

---

[1] Plaintiff is an attorney licensed to practice law in the State of Texas. According to his live pleading of record, plaintiff was at the courthouse for docket call in a state district court.

Fed. R. Civ. P. 12(b)(1), in part, and 12(b)(6). Plaintiff did not file a response opposing the motion. For the following reasons, the undersigned United States Magistrate Judge finds defendant's motion should be granted and this case dismissed.

# I.
## BACKGROUND

On December 4, 2015, plaintiff WOOLDRIDGE entered the Potter County District Courts Building to conduct legal business. [ECF 4 at 2]. Upon entry, defendant SAYASITH, a courthouse security officer, "requested to search" plaintiff, but plaintiff "declined" and continued into the courthouse, taking an elevator to a courtroom on an upper level floor. Upon leaving that courtroom, plaintiff was confronted by defendant who "detained and demanded to search" plaintiff. Plaintiff alleges defendant refused to state the "basis of the search" when questioned by plaintiff. [*Id.*] Plaintiff further alleges he did not consent to the search, but acquiesced out of fear as a result of a perceived threat of force by defendant. [ECF 4 at 3].

Plaintiff contends he:

> [W]ent to the district courthouse on behalf of his clients, possessed documents pertaining to his clients' cases' [sic], [and] was allowed to lawfully enter the district court building and attend docket. [Plaintiff] constitutionally protected his and his clients['] papers against warrantless state scrutiny. And, [plaintiff's] refusal to submit his and his clients' papers to search is no constitutional basis to support retaliatory and arbitrary detention, harassment, and intimidation."

[ECF 4 at 4]. Plaintiff does not allege any facts concerning the detention itself or the actual search conducted by defendant, nor does he allege defendant seized any items in his possession, or seized or read the contents of any papers in his possession. Moreover, plaintiff does not allege he was arrested or charged with a crime as a result of the detention and search. Although not alleging a civil rights violation in this regard, plaintiff additionally alleges defendant's employer, the Potter County Sheriff's Office, refused to comply with his request,

made several days later, for the "rules relating to public access to the courts."

## II.
## 42 U.S.C. § 1983

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of civil rights. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). To state a claim under section 1983, a plaintiff must allege facts that show he has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Cornish v. Carr. Servs. Corp.,* 402 F.3d 545, 549 (5th Cir. 2005).

Here, plaintiff alleges defendant's actions violated the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff alleges defendant deprived him of his Fourth Amendment right to be free from unreasonable searches and seizures when defendant detained him and compelled him to be subjected to a search without cause. Plaintiff contends defendant deprived plaintiff's clients of their Sixth Amendment right to counsel when plaintiff's papers relating to their cases were subjected to a search without counsel being able to assert protection. Lastly, plaintiff appears to allege defendant deprived him of his Sixth Amendment right to be "secure in papers" when plaintiff's papers were subjected to a search.

## III.
## 12(b)(1) MOTION TO DISMISS

On January 21, 2018, defendant filed the instant motion to dismiss plaintiff's First Amended Complaint based, in part, on Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, defendant asserts plaintiff's claims under 42 U.S.C. § 1983 pertaining to his

unidentified clients' right to counsel and their right to privacy or "security" in their legal papers possessed by plaintiff should be dismissed for lack of subject matter jurisdiction based upon plaintiff's lack of standing to assert such third-party claims. Again, as noted above, plaintiff did not file a response in opposition to defendant's motion to dismiss.

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). Therefore, the Court considers defendant's motion to dismiss for lack of jurisdiction first.

A. <u>Standard</u>

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *King v. U.S. Dept. Of Veteran's Affairs*, 728 F.3d 410, 413 (5th Cir. 2013). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact that may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.

1998).

B. Analysis

In his First Amended Complaint, plaintiff specifically asserts defendant's actions violated plaintiff's "clients' right to counsel" under the Sixth Amendment, and appears to also assert defendant's actions violated plaintiff's clients' "right to be secure" in their papers possessed by plaintiff, a claim presumably based on a right to confidentiality of attorney-client communications. A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Here, plaintiff is clearly making a claim for relief based on a perceived violation of the Sixth Amendment rights[2] of third parties, his unidentified clients. While Sixth Amendment rights of third parties may be litigated under limited circumstances,[3] plaintiff has not alleged, argued, or shown that the limited circumstances justifying third-party standing are present in this case. Thus, plaintiff has not met his burden of showing subject matter jurisdiction exists with regard to his claims concerning his clients' right to counsel or confidentiality or privacy concerns with regard to his clients' papers.

The undersigned is persuaded by the thorough and compelling arguments contained in defendant's brief and finds plaintiff does not have standing to assert third-party civil rights claims under 42 U.S.C. § 1983 on behalf of his unidentified clients. For the reasons set forth above and in defendant's brief, the undersigned finds this Court does not have jurisdiction over plaintiff's third-party claims. Consequently, the undersigned recommends defendant's motion to dismiss,

---

[2] The Sixth Amendment right to counsel is "personal" to the individual involved and "specific to the offense" with which they may be charged. *Texas v. Cobb*, 532 U.S. 162, 172 n. 2 (2001).

[3] For third-party standing to be proper, three criteria must be satisfied: the litigant must have suffered an "injury in fact," thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests. *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991).

in part, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, should be granted, and

plaintiff's claims on behalf of his unidentified clients should be dismissed for lack of subject-

matter jurisdiction based upon plaintiff's lack of standing to assert such third-party claims.

IV.
12(b)(6) MOTION TO DISMISS

Defendant also seeks, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to

dismiss plaintiff's civil rights claims based on violations of his Constitutional right to be free

from unreasonable searches and seizures and his "right to be secure in papers" or "security in

papers." Specifically, defendant asserts plaintiff's claims against defendant should be

dismissed for failure to state a claim upon which relief can be granted for the following

reasons:

(a)    Fourth Amendment claim – defendant's action, as a courthouse security
officer, of attempting to perform a search of plaintiff upon his entry to
the courthouse was a constitutionally permissible administrative search
and thus plaintiff has failed to allege a violation of his Fourth
Amendment rights;

(b)    Section 1983 claims –

1.  plaintiff refers to state law as the basis of the alleged civil rights
violations committed by defendant rather than identifying federal
constitutional and/or statutory rights that have been violated and thus
fails to state a viable federal law claim; and

2.  defendant is entitled to qualified immunity;

(c)    Security in Papers claim – plaintiff's claim that defendant's actions
deprived him of his right to counsel is fatally deficient as plaintiff does
not allege his papers were seized or read, or that he was ever charged
with a crime (the point at which any Sixth Amendment right would
attach).

Again, as previously noted, plaintiff did not file a response in opposition to defendant's

motion to dismiss.

A. <u>Standard</u>

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a district court must generally examine only the complaint[4] and any attachments to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A court may, however, consider extrinsic documentary evidence if (1) the document is attached to a defendant's motion to dismiss, (2) the document is referred to in the plaintiff's complaint, and (3) the document is "central" to the plaintiff's claim. *Id*. at 498-99. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it asserts facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This determination is context-specific and requires the court to draw upon its own experience and common sense. *Id*. In conducting its review, a court must construe the complaint liberally, accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2002). Although the pleading standard of Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does require more than mere labels and conclusions. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Formulaic recitations of the elements of a cause of action will not suffice. *See id.* Although a court cannot dismiss a claim because it seems likely that the plaintiff will be unsuccessful, the pleadings must still be "factually suggestive" beyond mere conclusory allegations. *Ollie v. Plano Indep. Sch. Dist.,* 564

---

[4] A plaintiff's claim for relief in a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

F. Supp. 2d 658, 660 (E.D. Tex. 2008). Factual allegations must be enough "to raise a right to relief above the speculative level" when assuming all factual allegations as pleaded are true. *Id.* (*quoting Twombly,* 550 U.S. at 555).

B. <u>Analysis</u>

*1. Fourth Amendment Claim*

In his motion, defendant initially asserts that plaintiff's complained-of detention and search was the result of an "administrative search" conducted in the context of maintaining courthouse security, that such searches are constitutionally valid, and that plaintiff's status as an officer of the court and his evasion of the initial request to detain and search did not vitiate the administrative search doctrine's applicability. Plaintiff does not address the "administrative search" exception to his claim for relief in his First Amended Complaint.

Based on a thorough review of the case law cited throughout defendant's brief, as well as defendant's unrebutted arguments set forth therein [ECF 9 at 14-18], the undersigned finds plaintiff's detention and search did, in fact, occur as a result of an administrative search conducted in the context of maintaining courthouse security. An administrative search is a specifically established and well-delineated exception to the general rule that warrantless searches are *per se* unreasonable under the Fourth Amendment. The undersigned further finds plaintiff's First Amended Complaint fails to allege either that defendant's request to search plaintiff was for any unlawful purpose or that the detention and search were not part of a general regulatory scheme in furtherance of an administrative purpose rather than as part of a criminal investigation to secure evidence of a crime. *See Klarfield v. United States*, 944 F.2d 583, 586 (9th Cir. 1991). Plaintiff also fails to allege the search involved any confiscation of property, personal inspection of confidential papers, or any undue restraint on freedom of movement. Moreover, plaintiff does not

allege defendant sought to search him or his property to develop evidence for prosecution. The undersigned finds the facts alleged by plaintiff in his First Amended Complaint do not indicate defendant's actions constituted anything other than a brief stop and cursory examination of plaintiff's possessions for potential dangerous articles. *Cf. Downing v. Kunzig*, 454 F.2d 1230, 1233 (6th Cir. 1972). Consequently, the undersigned finds plaintiff has failed to adequately plead a violation of the Fourth Amendment or any other unconstitutional infringement of his rights due to his temporary detention and defendant's cursory "administrative search" in performing his courthouse security duties. The undersigned is unable to draw the reasonable inference under the state of the law, based solely on the allegations made in plaintiff's First Amended Complaint, that defendant is liable for the misconduct alleged.

Further, it is unclear whether plaintiff makes the allegation in his First Amended Complaint that he was constitutionally exempt from an administrative courthouse search as an "officer of the court" and, therefore, his detention and search by defendant was unconstitutional. If plaintiff is, in fact, making this allegation, thorough review of the case law cited in defendant's unrebutted brief [ECF 9 at 19-20] indicates such a claim is not available and does not provide a plausible claim to relief. Similarly, it is unclear from plaintiff's First Amended Complaint whether he is alleging his access to the courthouse without submitting to defendant's administrative search request upon entry prohibited defendant from conducting a subsequent lawful administrative search and, therefore his detention and search by defendant was a violation of plaintiff's rights. If plaintiff is, in fact, making this allegation in his live complaint, analysis of case law cited in defendant's uncontroverted brief [ECF 9 at 14-15] indicates such a claim would not be available and would not provide plaintiff a plausible claim to relief.

Plaintiff has failed to state a claim upon which this Court could grant relief. Consequently, the undersigned recommends defendant's Rule 12(b)(6) motion to dismiss plaintiff's unlawful

detention and search claims be granted.

## 2. *Violations of State Law*

Defendant argues that although plaintiff's First Amended Complaint "points to several provisions of the Texas Constitution and Texas statutory law in putative support of this action," section 1983 "is only a remedy for violations of federal statutory and constitutional rights." *See Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005). Plaintiff does not indicate in his First Amended Complaint his basis for including state law citation, nor has he filed a response in opposition to defendant's motion.

To the extent plaintiff is attempting to invoke Texas law as a basis to support his section 1983 claims, he fails to state a claim upon which federal relief can be granted. Consequently, the undersigned recommends defendant's Rule 12(b)(6) motion to dismiss be granted as to any claims plaintiff makes premised upon the Texas Constitution or Texas statutes.

## C. *Alleged Violation of Right with Regard to Papers*

In his First Amended Complaint, plaintiff also asserts <u>his</u> "right to be secure in papers" or "security in papers" was violated by defendant's actions. In his motion, defendant construes this claim as an alleged violation of plaintiff's Sixth Amendment right and asserts plaintiff fails to state a claim upon which relief can be granted.

Defendant accurately notes plaintiff did not plead any facts indicating "any of his legal papers were taken or even read," or allege "he was prevented by an act of Defendant from retaining or consulting with counsel in any criminal action against him." [ECF 9 at 23]. Even assuming *arguendo* that plaintiff is alleging his Sixth Amendment rights were violated with regard to the treatment of his papers in the administrative search, plaintiff's First Amended Complaint fails to "contain enough facts to state a claim to relief that is plausible on its face."

Consequently, the undersigned recommends defendant's Rule 12(b)(6) motion to dismiss be granted with regard to these claims.

### D. *Qualified Immunity*

Lastly, defendant contends plaintiff's claims should be dismissed because defendant is entitled to "qualified immunity;" therefore, plaintiff has failed to state a claim upon which relief can be granted. [ECF 9 at 24-26]. Plaintiff does not address or even mention, in his First Amended Complaint, whether he is prevented from obtaining relief on his claims due to defendant's qualified immunity. Moreover, plaintiff failed to file a response opposing defendant's instant Rule 12(b)(6) motion to dismiss addressing defendant's qualified immunity.

Qualified immunity applies unless plaintiff pleads facts showing (1) defendant violated a statutory or constitutional right; and (2) that the right was "clearly established" at the time of the challenged conduct. *Wood v. Moss*, ___U.S.___, 134 S.Ct. 2056, 2066-67 (2014). The inquiry turns on the "objective legal reasonableness" of defendant's acts which, in turn, is assessed in light of legal rules clearly established at the time the action was taken. *Ziglar v. Abassi*, ___U.S.___, 137 S.Ct. 1843, 1866 (2017). "Clearly established law" should not be defined at a "high level of generality," but must be "particularized" to the facts of the case. *White v. Pauly*, ___U.S.___, 137 S.Ct. 548, 552 (2017). While a case directly on point is not required, "existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, ___U.S.___, 136 S.Ct. 305 308 (2015). Therefore, an official does not lose immunity based on an accusation of violating "extremely abstract rights." *Ziglar*, 137 S.Ct. at 1866.

In his First Amended Complaint, plaintiff makes only the simple conclusory assertion that defendant's actions were "objectively unreasonable" and violated plaintiff's Fourth, Sixth and Fourteenth Amendment rights. Plaintiff makes no other allegations in his pleading to negate

defendant's qualified immunity or to show he is entitled to relief on his claims despite defendant's qualified immunity. The undersigned finds plaintiff's allegations in his First Amended Complaint are insufficient to overcome defendant's qualified immunity and state a claim upon which relief can be granted. Accordingly, the undersigned recommends defendant's Rule 12(b)(6) Motion to Dismiss be granted based on his qualified immunity.

## V.
## RECOMMENDATION

For the above reasons and the reasons set forth in defendant's *Brief in Support of Defendant's Motion to Dismiss* filed January 21, 2018 [ECF 9], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that *Defendant's Motion to Dismiss* [ECF 8] be GRANTED, and all of plaintiff's claims against defendant be DISMISSED WITH PREJUDICE.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 13, 2018.


LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

CIVIL:217-233-WOOLDRIDGE.FCR-MTN-DISMISS:2